## EX PARTE ELIJAH GUFFEE.

1. RIGHT OF BAIL. — The Revised Code of Criminal Procedure, art. 879, provides that "when a felony case upon appeal is reversed and remanded for a new trial, the defendant shall be released from custody upon his giving bail as in other cases where 'he is entitled to bail, and the clerk of the Court of Appeals shall transmit to the officer having custody of the defendant an order to that effect." This is a new provision, and is intended for the benefit of any defendant who, having been denied bail in the first instance, was subsequently convicted of a bailable offence, and upon appeal obtained a reversal and new trial. It does not require new bail of a defendant who, having been admitted to bail before conviction, has on appeal obtained a reversal and new trial; in which case, as formerly, his recognizance or bail-bond remains in force and entitles him to go at large.

2. RECOGNIZANCE — BAIL-BOND. — By the Revised Code of Criminal Procedure, art. 290, the obligation of a recognizance or a bail-bond subsists until the obligors are "discharged from further liability thereon according to law," instead of until the "final acquittal or conviction and sentence," as provided in the original Code. This change was necessitated by the requirement of the Revised Code that in felony convictions not capital, sentence shall be pronounced before appeal taken.

ON HABEAS CORPUS awarded on original application to the Court of Appeals.

At p. 187 of this volume will be found the report of the appeal of this applicant from his conviction of murder in the first degree, upon which appeal the judgment below was reversed and the case remanded for a new trial. Previous to his trial in the court below, Guffee was on bail, and when the mandate of this court reached the court below he insisted on his right to be released from jail on his original recognizance. This right being ignored by the sheriff of Johnson County, where he had been tried and incarcerated, he applied to the Hon. JOSEPH ABBOTT, district judge, by petition for *habeas corpus*, specifically setting forth the facts, and complaining that he was illegally detained by the sheriff. The district judge refused the writ of *habeas corpus*, assigning as his reasons that, under the provisions of the Revised

Code of Criminal Procedure, the original recognizance was no longer in force, and that new bail was requisite to entitle Guffee to go at large.

Thereupon Guffee applied by petition to this court, setting out the facts, and exhibiting the proceedings before the district judge, and his order refusing the writ. There is no controversy over the facts.

*Bledsoe & Padelford* and *DeBerry & Smith*, for the applicant.

*Thomas Ball*, Assistant Attorney-General, *contra*.

CLARK, J. It is believed that the provisions of art. 879 of the present Code of Criminal Procedure, and the verbal changes in art. 290, do not essentially vary the law as it existed before the adoption of the recent revision relating to criminal procedure after reversal upon appeal. The first-named article was designed simply to supply a *casus omissus* in the law aforetime, and to furnish a speedy remedy to that class of persons under indictment who, having been denied bail in the first instance, and being subsequently tried and convicted of a bailable offence, should prosecute appeals to this court and secure reversals. In that event, public policy demands their speedy liberation on bail, without the delay that in many portions of the State might be incident to a hearing on *habeas corpus*, even if that remedy was available (Code Cr. Proc. 189); and it was well to invest this court with the power to order a release upon bail, upon a proper showing to that effect. And under the general authority conferred by the provision of the article, a like order may be made by this court in any case of felony where bail has not been fixed and given before the trial and conviction of the defendant in the court below. If it was the intention of the law-making power to entirely change the rules of procedure as they had existed for a long time,

and to require new bail in every case of felony where the
defendant has been brought to trial and conviction and the
judgment has been reversed, it is reasonable to suppose that
apt and explicit terms would have been employed to con-
vey that exact idea, and those charged with the administra-
tion of the law would not have been left in doubt as to the
legislative purpose.

The change in the statutory provision relating to the
construction and effect of recognizances and bail-bonds
(Pasc. Dig., art. 2735; Rev. Code Cr. Proc., art. 290) is
not of a material character, and does not tend to militate
against the application before us. The former statute pro-
vided that a recognizance or bail-bond, entered into by a
defendant, and which binds him to appear at a particular
term of the district court, shall be construed to bind him
and his sureties for his attendance upon the court from term
to term and from day to day until his final acquittal or
conviction and sentence. The change in the law provides
that he and his sureties shall be so bound for his attendance
until discharged from further liability on the bond according
to law. The concluding phrase in the new law is more
comprehensive than in the old, and the change was necessary
in view of the change made in the time of passing sentence
upon a prisoner. Had the law remained as it was, a sen-
tence of the principal might have absolved the sureties
from liability, notwithstanding the defendant might prose-
cute his appeal and obtain a new trial.

The question seems to be fully settled in favor of the
applicant by those provisions of our Codes which prescribe
that where the Court of Appeals awards a new trial to the
defendant, the cause shall stand as it would have stood in
case the new trial had been granted by the court below, and
the effect of granting a new trial in the court below is to
place the cause in the same position in which it was before
any trial had taken place. In cases of mistrial, new trial,
or reversal, the defendant is remanded by the law to the

custody of his sureties, and their surrender of his person for purposes of trial does not operate, in either case, as a discharge of their liability upon the recognizance or bond.

The writ of *habeas corpus* will therefore issue as prayed for, returnable before the Hon. JOE ABBOTT, judge of the Twenty-eighth District, at the town of Cleburne in Johnson County, on Saturday, the twenty-fourth day of April, A. D. 1880, at eleven o'clock A. M.; and the clerk of this court is directed to forward immediately to the honorable district judge aforesaid, at the town of Hillsboro in Hill County, a certified copy of this opinion for his information and guidance.

*Ordered accordingly.*